# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MICHAEL QUIGLEY** | § | |
| | § | |
| **V.** | § | **NO. A-16-CV-459 SS** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

# ORDER

Before the Court are Plaintiff's Request to Amend Admission No. 23 under Rule 36(b) (Dkt. No. 42); the United States' Response (Dkt. No. 47); and Plaintiff's Reply (Dkt. No. 48).

## I. General Background

This is a suit seeking a refund of taxes pursuant to 26 U.S.C. § 7422, as well as a demand for attorney's fees and damages under 26 U.S.C. § 7430. Quigley argues the penalty assessed by the IRS was erroneous because he did not willfully fail to pay the taxes. On November 2, 2016, the United States served requests for admissions on Quigley, which included the following request:

> **REQUEST FOR ADMISSION NO. 23**: Admit that you signed checks or authorized payments for St. Gumbeaux, Inc. to payee(s) other than the IRS after you knew that St. Gumbeaux, Inc. had unpaid federal withholding taxes.

Dkt. No. 37-2 at 6. Quigley responded to Request No. 23 "Admit." Recently, the United States filed a Motion for Summary Judgment (Dkt. No. 37) arguing that Quigley's answers to the United States' Requests for Admissions, in particular No. 23, establish as matter of law that Quigley *willfully* failed to collect, or account for, or pay over, the payroll taxes at issue in violation of 26 U.S.C. § 6672. This led Quigley to file the Request to Amend Admission No. 23 now before the Court. The motion contends that the admission was a mistake and that Quigley's counsel "was completely unaware of the mistake until examining Defendant's recent Motion for Summary Judgment." Dkt. No. 42 at 3. Quigley concedes that the United States is correct that an admission to Request No. 23 would

conclusively establish that he acted wilfully and thus violated 26 U.S.C. § 6672. Quigley argues that denying him leave to amend his response "will completely prevent presentation of the case on the merits." *Id.* The Court agrees.

## II. Standard of Review under Rule 36(b)

Federal Rule of Civil Procedure 36 provides that a party may serve another party written requests for admission of the truth of any matters within the scope of Rule 26(b). FED. R. CIV. P. 36(a). Once a request is admitted, the matter is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b). In order to allow withdrawal of a deemed admission, as Quigley is requesting, Rule 36(b) requires that a court find that withdrawal or amendment: "1) would serve the presentation of the case on the merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case." *In Re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). This rule is permissive, and "[e]ven when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission." *Id.* Further, the Fifth Circuit "has . . . determined that a court acts within its discretion in considering the fault of the party seeking withdrawal . . . or its diligence in seeking withdrawal." *Le v. Cheesecake Factory Rests. Inc.*, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007) (internal quotations and citations omitted).

## III. Has Quigley met the standard under Rule 36(b)?

In considering whether allowing an amendment to a response would serve the presentation of the case on the merits, "it is proper to consider whether denying [amendment] would have the practical effect of eliminating any presentation of the merits of the case." *Id.* at *2. Courts have found Rule 36(b)'s first prong satisfied where admissions "directly bear on the merits of the case,"

*S.E.C. v. AmeriFirst Funding, Inc.*, 2008 WL 2073498, at *2 (N.D. Tex. May 13, 2008), and when "upholding the admissions would practically eliminate any presentation of the merits of the case," *Curtis v. State Farm Lloyds*, 2004 WL 1621700, at *5 (S. D. Tex. April 29, 2004). As noted, both parties agree that Quigley's admission to Request No. 23 conclusively establishes a violation of 26 U.S.C. § 6672. Because denying the amendment would completely prevent presentation of the case on the merits, Quigley has met the first factor of the test.

With regard to prejudice, "[c]ourts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Amer. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991). However, "merely having to prove the matters admitted does not constitute prejudice." *Le*, 2007 WL 715260 at *3. Courts also consider "the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial." *Id.* The United States' primary objection to allowing the amendment is that Quigley did not request leave to amend until the discovery deadline had expired, and after it filed its Motion for Summary Judgment relying on Quigley's admission to Request No. 23. As noted, however, merely having to prove the matters admitted does not constitute prejudice under Rule 36(b). *Id.; see also, S.E.C.*, 2008 WL 2073498, at *2 ("That it would be necessary for a party to prove a fact that it would not otherwise be obligated to prove if the matter were deemed admitted does not constitute the kind of prejudice contemplated by Rule 36(b)"). More to the point, the United States does not only rely on Quigley's admission to Request No. 23 to support its summary judgment argument. Instead, it relies on several other pieces of evidence in the record to support its arguments. Nor does it contend that it did not conduct

discovery based on the admission, and it is clear from the United States' summary judgment pleadings that it has gathered evidence on the willfulness issue independently of the admission.

Based upon the foregoing, the Court **HEREBY GRANTS** Plaintiff's Request to Amend Admission No. 23 under Rule 36(b) (Dkt. No. 42), to change the response to the request to "Deny." Because the Court is permitting Quigley to amend the response to Request No. 23, should the United States wish to supplement its Reply related to the motion for summary judgment to take this into account, it shall have until May 8, 2017, to do so.

SIGNED this 1st day of May, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE